*W. A. Dampier,* for plaintiff in error.

---

8411.   GOLDBERG *v.* THE STATE.

1. The verdict finding the accused guilty of simple larceny was authorized by the evidence.

2. Testimony as to offenses or acts other than the particular larceny charged in the accusation was admissible as tending to connect the accused with the larceny charged, or to show his course of conduct, or motive, intent, or bad faith, or a common scheme or plan of related offenses.

3. The admission of testimony as to the statement made by a person near the place where the alleged larceny was committed, and before it was committed, that he did not know what the defendant was then doing near that place, does not require a new trial.   The State's testimony showed a pending conspiracy between that person and the accused; and the statement could not have harmed the accused.

4. If the remark of the prosecuting attorney to which the defendant objected was prejudicial, its harmful effect was sufficiently removed by the comment of the judge and the express withdrawal of the language objected to.

5. When the instructions complained of are considered in connection with the remainder of the charge of the court, the exceptions to them are without substantial merit.

DECIDED JUNE 13, 1917.

Accusation of larceny; from city court of Savannah—Judge Rourke. January 9, 1917.

*Shelby Myrick, Bouhan & Herzog,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

WADE, C. J. 1. There was sufficient evidence to warrant the inference that the crime of simple larceny was committed by the defendant. A witness for the State testified that he saw two persons put several sacks of cement on a wagon, whereupon he approached and ascertained that one of these persons was a negro unknown to him and the other was the defendant. There is nothing to suggest that the defendant did not participate in the asportation of the stolen goods except his statement to the jury.

2. There is no merit in the 2d, 3d, 4th, 6th, 7th, 8th, and 9th grounds of the amendment to the motion for a new trial, complaining of the admission of testimony relating to crimes other than the one charged in the accusation. The testimony objected to either tended to connect the accused with the specific crime charged, or else to indicate his general practice or course of conduct, or motive, intent, or bad faith, or to establish a common scheme or plan of related offenses. *Watts* v. *State,* 8 *Ga. App.* 694 (70 S. E. 46) ; *Lee* v. *State,* 8 *Ga. App.* 413 (69 S. E. 312) ; *McDuffie* v. *State,* 17 *Ga. App.* 342 (5) (86 S. E. 821) ; *Bates* v. *State,* 18 *Ga. App.* 718; *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016). "As a general rule, in the prosecution of a particular crime, evidence tending to show that the defendant has committed other offenses is not admissible; but where the testimony offered has a distinct relevancy to the case on trial, it is not inadmissible merely because it also tends to show the defendant's connection with some other criminal transaction." *Ray* v. *State,* 4 *Ga. App.* 67 (3) (60 S. E. 816).

3. There is no merit in the 5th ground of the amendment to the motion for a new trial. The testimony for the State tended to show a pending conspiracy between the accused and one McConnell, at the time the statement was made by McConnell to the witness for the State, which is objected to as hearsay. Furthermore the statement was made by McConnell before the larceny was committed or attempted, and was only an assertion that McConnell did not know what the defendant was *then* doing at or near the place where the alleged crime was afterwards committed, and

hence it is not made reasonably manifest that the admission of this testimony could have been harmful to the accused, since this statement was entirely consistent with his innocence, and did not of itself even suggest guilty knowledge on the part of McConnell of the purpose for which the defendant was present.

4. The court did not err in declining to grant a mistrial upon motion of counsel for the defendant because the solicitor-general in his argument to the jury made the following remark: "I don't doubt that it was Goldberg's liquor that made McConnell drunk day before yesterday. I said that I had no doubt that it was Goldberg's liquor that got him drunk. I mean the defendant, Joseph Goldberg." It appears that the court cautioned the jury to disregard the statement of counsel as to any conclusion not warranted by the evidence, and that thereupon the solicitor-general expressly withdrew the statement, with the comment that it merely embodied his own conclusion. If the remark of counsel was prejudicial to the accused, the injury was sufficiently removed by the comment of the court and the express withdrawal of the language objected to.

5. The 11th, 12th, and 13th grounds of the amendment to the motion for a new trial, complaining of excerpts from the charge of the court, when considered in connection with the entire charge, which was fair and impartial, are without any substantial merit.

*Judgment affirmed. George and Luke, JJ., concur.*