## 59698. DYER v. THE STATE.

Birdsong, Judge.

Appellant was convicted of welfare fraud by filing false statements in food stamp applications during the months June-December, 1976. In effect, Dyer stated that three children of his wife were his and that they (the family) had little or no income during the period in question. In point of fact, each child was receiving $81 per month as Social Security benefits based upon eligibility flowing from their deceased natural father. Dyer admitted filling out the forms, asserting therein incorrectly that the children were identified as his children, and failing to disclose they were receiving Social Security benefits. His only defense was that because he was not receiving the benefits personally, he was not obligated to report the income. The jury rejected the claim of ignorance and returned a finding of guilty.

After an appeal was filed in this court, appellant's counsel filed a request for permission to withdraw from the case, submitting that the appeal should be dismissed as frivolous.

In *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), it was held that appointed counsel may withdraw from a case on appeal only upon compliance with the rules set out in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). We find that all of the requirements of Anders have been met.

As required by the holding in *Bethay,* we have fully examined the record and transcript to determine whether, in fact, the appeal is frivolous. The only error and argument in support thereof relates to a portion of the closing argument made by the state. By affidavit

of Dyer, it is asserted the district attorney commented in closing argument that Dyer's act constituted larceny from the jurors (presumably as taxpayers) and that they (the jurors) would have to pay for Dyer's acts.

While we consider such argument to be improper, we note that the only objection made by the defendant during the state's argument apparently related to a medical subject. In that instance, the trial court gave a limiting instruction to the jury. There is no indication in the transcript of an argument by the state as contended by Dyer nor of an objection directed to such an argument. In other words, if appellant Dyer wished to preserve the error of which complaint is made, he should have provided this court with a sufficient rendition of the questioned argument through a reconstructed record to allow this court a reasoned determination of the merits of the contention. *Allen v. State,* 233 Ga. 200 (2) (210 SE2d 680); *Daniels v. State,* 230 Ga. 126, 127 (195 SE2d 900). The burden is on the appellant to show error by the record, and when a portion of the transcript bearing upon the issue raised by the enumeration of error is not supported by the transcript so that this court can make its determination from a consideration of the appropriate portion of the transcript bearing thereon, an affirmance as to that issue must result. *Brown v. State,* 146 Ga. App. 286, 287 (2) (246 SE2d 370); *Law v. State,* 121 Ga. App. 106 (2) (173 SE2d 98). Moreover, when considered in light of the evidence of Dyer's guilt, we have no hesitancy in applying the test that, even assuming such an argument, it is highly improbable that such an argument contributed to the verdict of guilt. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

In view of the above, we conclude that there are no enumerations of merit and that the appeal is frivolous. Based on the enumeration of error together with brief and argument which have been filed, the motion by counsel to withdraw is granted. In view of the frivolousness of the appeal, the motion to dismiss is granted and the appeal is dismissed. *Hill v. State,* 238 Ga. 564 (233 SE2d 796); *Wilson v. State,* 145 Ga. App. 742 (245 SE2d 37).

*Appeal dismissed. Deen, C. J., and Sognier, J., concur.*

DECIDED APRIL 28, 1980.

*William A. Alexander,* for appellant.
*William M. Campbell, District Attorney,* for appellee.