## 62289. SMITH v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offenses of armed robbery and violation of the Georgia Controlled Substances Act in that he did unlawfully possess marijuana. Defendant's motion for new trial was denied, and he appeals. *Held:*

1. The state's evidence is that on the afternoon of February 6, 1979, defendant entered a convenience store which was being operated by a solitary female employee. The employee testified that the defendant came up to the counter and asked for a pack of "rolling papers." The employee testified that she rang up the purchase and, "as soon as the register drawer opened he opened his coat and I could see that there was a gun tucked into his pants. And he said, 'Give me all the money.' " There was further testimony by the employee that the defendant forced her to open the store safe. While she was executing the combination of the safe, which took some time, the defendant "started beating me on the back of the head and then he — he said, 'By the time I count to three, if you don't have that thing open, I'm going to blow your head off.' " The defendant, after taking the contents thereof, ordered the employee to go into the back room, after which he fled the store.

Five days later on February 11, 1979, the employee identified the defendant as the perpetrator of the robbery from a photographic lineup displayed to her by police officers. The defendant challenges the manner in which this photographic display was conducted, contending that the photographic display was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401), provides the test under which defendant's contention must be examined. The test as set forth in Neil v. Biggers, supra, at page 199, is, "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." See also *Heyward v. State,* 236 Ga. 526, 528 (1) (224 SE2d 383).

As to the application of the above five factors to the case sub judice: (1) The employee had opportunity to view the criminal at the time of the crime, employee testified that the lights in the

convenience store were all on and functioning, that she had her glasses on at the time and with her glasses on she suffered no visual impediment. Also the amount of time involved was substantial, the robbery consuming several minutes and presenting repeated opportunities for the employee to view the criminal. (2) The employee's attention was focused on the robber. Employee was the victim and the only other person present was the criminal. (3) The employee's prior descriptions were only general in nature and may have understated defendant's height by 3 1/2 inches, overstated his age by three or four years and misstated the color of his eyes. (4) The employee was certain of her pretrial identification and at trial that certainty remained. (5) Only five days had elapsed between the time of the crime and the photographic lineup. See in this regard *Heyward v. State,* 236 Ga. 526, 529, supra, and cits.

Defendant places considerable reliance upon the discrepancy of the testimony of the employee and the police officer as to the manner in which the photographic lineup was conducted. The police officer testified that the employee was asked to turn her back while six photographs were placed in line on top of a television set and then asked to turn around after all of the photographs were in view. The employee testified that the photographs were shown to her sequentially rather than simultaneously. Both of these witnesses testified, however, that the employee unhesitatingly identified the third photograph; as to the police officer's testimony, this was the third photograph located from left to right as the photographs lay on the television set and the employee's testimony was that the defendant's photograph was the third one shown to her. Although this discrepancy might affect the weight of the employee's testimony, we feel that the factor should be evaluated with the other factors to determine the totality of the circumstances.

We do not find that defendant was denied a fair trial by the identification procedures utilized in the case sub judice. Considering the totality of the circumstances, it appears that the identification procedure was reliable, and therefore, we cannot accept defendant's contention that the subsequent in-court identification of the defendant by the employee was tainted. We find no substantial likelihood of irreparable misidentification on either the pretrial or in-court identification of the defendant as the perpetrator of the armed robbery in question. See Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247); Neil v. Biggers, 409 U. S. 188, 199, supra.

2. The charge against defendant as to violation of the Georgia Controlled Substances Act (for possession of marijuana) arose when police officers investigating the armed robbery charge arrested the

defendant at his home. When the defendant was arrested at the doorway of his home he didn't have a shirt on and after he was taken into custody he requested he be taken upstairs so he could get a shirt. While in the bedroom for this purpose police officers noticed in plain view a clear plastic bag containing a green leafy material which appeared to the officers to be marijuana and which was subsequently tested and identified as such by the Georgia State Crime Laboratory.

We have carefully reviewed the entire record and transcript with particular reference to the issue of the identification of the defendant as the perpetrator of the armed robbery in question here. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offenses of armed robbery and violation of the Georgia Controlled Substances Act. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1981 —
REHEARING DENIED OCTOBER 15, 1981 —

*Mark J. Kadish, Rosalyn S. Kadish,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Assistant District Attorney,* for appellee.