## 65598. MITCHELL v. THE STATE.

CARLEY, Judge.

Appellant was convicted of robbery. He appeals from the judgment and sentence entered on the guilty verdict.

1. Appellant enumerates the general grounds as error. The evidence adduced at trial shows the following: On August 31, 1981, the victim picked up two hitchhikers, who then forced the victim out of his automobile at gunpoint and took his automobile. On September 17, 1981, appellant, his co-defendant and a third individual, Derrick Newell, were arrested in Phoenix, Arizona. They were occupying the victim's stolen automobile at the time of their arrest. At trial, Newell testified that he had ridden from Georgia to Arizona in the stolen automobile with the appellant and the appellant's co-defendant, but he denied that appellant had ever told him of the robbery. He testified that he was first informed of the robbery by the Phoenix police after his arrest, and that he had never narrated the facts of the robbery to the Phoenix police. Thereafter, Newell's recorded statement given to the Phoenix police after his arrest was played at trial. In that recording, Newell stated that he had knowledge of the robbery because appellant and his co-defendant had told him about it, and Newell also narrated a detailed version of the robbery which implicated appellant therein.

"Recent unexplained possession of stolen goods 'is a circumstance sufficient to authorize the jury to find that the accused is guilty as charged [assuming other elements of the crime are proved]' . . ." *Williamson v. State,* 248 Ga. 47, 48 (281 SE2d 512) (1981). "The nearer the possession to the time of the [crime], the stronger will be the inference of guilt; and the question of the result of the lapse of time is for the jury." *Chubbs v. State,* 204 Ga. 762, 764 (51 SE2d 851) (1949).

The state presented evidence not only of the recent possession of the stolen vehicle by appellant and proved the other elements of robbery, but also put into evidence the recorded statement of Newell. The jury was authorized to consider that statement as substantive evidence of the guilt of the appellant. *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). The state may rely on all of the evidence in the record to meet the "beyond a reasonable doubt standard." *Williamson v. State,* supra. Based on the entire record, a rational trior of fact could find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error appellant contends that, in his closing argument, the Assistant District Attorney wrongfully commented on the issue of appellant's sentencing. Although the

closing argument was not transcribed by the court reporter, the state's attorney reconstructed, for the record, the pertinent part of his argument. According to the state's attorney, he informed the jury that it "should not as indicated by the defense counsel, take into consideration any possible penalty should they convict[,] that their purview was simply to decide whether, under the evidence and the law, that these two Defendants committed the crime with which they are charged, and I further said that that is the purview of the judge and that the judge would have other circumstances or evidence at his disposal if, in fact, he had the occasion to sentence them in both mitigating and aggravating, one or the other or both . . ."

It is clear that the state's attorney was merely informing the jury that it would be concerned only with the guilt or innocence of the appellant and not with punishment. Contrary to appellant's assertions, these comments were not in violation of OCGA § 17-8-76 (Code Ann. § 27-2206). *Berrian v. State,* 139 Ga. App. 571 (1) (228 SE2d 737) (1976). Since the challenged portion of the argument was not improper, it follows that curative instructions by the judge were not required. See *Berrian v. State,* supra, at 572.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 20, 1983 —
REHEARING DENIED JULY 6, 1983 

*Robert E. Baynard,* for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.