*District Attorney*, for appellee.

### 68001. FOBBS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by giving a confusing charge on self-defense; and (3) by failing to give appellant's request to charge on self-defense in full.

As Thomas Scott and Beverly Fambro were returning to her apartment, Scott noticed appellant sitting outside the apartment in his car. As Scott and Fambro approached the apartment entrance appellant got out of his car and shot Scott in the back with a rifle. Appellant then drove off in his car. The police arrested appellant at his home and a rifle was found in his bedroom; appellant admitted it was the same rifle he used to shoot Scott. After being advised of his rights appellant admitted shooting Scott, but claimed he did so when Scott opened the door to appellant's car.

Appellant testified that he shot Scott because he was afraid for his life when Scott opened the car door.

1. Appellant contends it was error to deny his motion for a directed verdict of acquittal because no medical testimony was presented as to the cause of Scott's injury. However, appellant admitted shooting Scott, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

2. Appellant contends the trial court erred by giving a confusing charge on self-defense when it stated: "In this regard I charge you that central to a *civil* defense claim is the defendant's reasonable belief that the force against which he is defending himself is unlawful." (Emphasis supplied). We do not agree with appellant's contention.

This statement occurred during the court's charge on self-defense and was obviously a slip of the tongue, for throughout the rest of the charge the court repeatedly referred to self-defense. A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury, is not reversible error. *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981).

3. Appellant contends the trial court erred by not giving his requested charge on self-defense verbatim. However, the trial court charged fully and properly on self-defense, and included all applicable principles in appellant's request to charge. Failure to give a requested charge in the exact language requested, where the charge given substantially covers the same principles, is not a ground for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

4. Appellant has presented no argument or citation of authority on his last enumeration of error, which presented no legal issue for consideration by this court. Therefore, it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Williams v. State*, 146 Ga. App. 543 (246 SE2d 729) (1978).

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs specially.*

DECIDED JUNE 26, 1984.

*Mobley F. Childs*, for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Patricia G. Cherry, Michael M. Sheffield, Assistant District Attorneys*, for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion which relies upon *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981), and *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), which use the rational trier of fact standard, the same result would obtain if *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983), and *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984), were cited and relied upon, the latter two cases using the any evidence or statutory no conflict standards.