## 69604. PELLIGRINI v. THE STATE.
(329 SE2d 186)

CARLEY, Judge.

Appellant and a co-defendant were tried for two counts of felony theft by taking and eight counts of misdemeanor theft by taking. The State sought to prove that appellant and her co-defendant had used their business, Paragon Financial Services, to perpetrate the crimes. The evidence showed that numerous customers had paid money to Paragon, but had never received the agreed consideration therefor or

a refund. At the conclusion of the State's evidence, the trial court granted a directed verdict of acquittal as to three of the misdemeanor counts. The jury returned verdicts of guilty on the remaining counts. Appellant's motion for new trial was denied and she appeals.

1. Appellant raises the general grounds. Our review of the transcript demonstrates that, "while the evidence might well have made out a case under the provisions of [OCGA § 16-8-3] relating to theft by deception, it clearly made out a case also within the purview of [OCGA § 16-8-2]." *Stull v. State*, 230 Ga. 99, 103 (196 SE2d 7) (1973). See also *Jones v. State*, 137 Ga. App. 612, 613 (4) (224 SE2d 473) (1976). Contrary to appellant's assertions, there was sufficient admissible "other transactions" evidence which, in conjunction with other evidence, authorized the submission to the jury of the question of her criminal intent. See generally *Wilson v. State*, 155 Ga. App. 560 (271 SE2d 694) (1980). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. See generally *McDonald v. State*, 150 Ga. App. 506 (258 SE2d 246) (1979).

2. Appellant asserts that her character was impermissibly placed into evidence on several occasions.

As noted in Division 1, evidence of appellant's previous commission of similar offenses was not erroneously admitted. See generally *Garrett v. State*, 147 Ga. App. 666, 670 (8) (250 SE2d 1) (1978). Likewise, the scope of appellant's "course of conduct" in other business dealings taken in connection with Paragon Financial Services, the questionable business entity operated by appellant and her co-defendant, was a legitimate topic of inquiry. See generally *Goldberg v. State*, 20 Ga. App. 162, 163 (2) (92 SE 957) (1917); *Barnes v. State*, 57 Ga. App. 183 (1) (194 SE 839) (1938); *Hodges v. State*, 85 Ga. App. 617 (2) (70 SE2d 48) (1952); *Bunge v. State*, 149 Ga. App. 712, 716 (4) (256 SE2d 23) (1979).

The State introduced evidence that appellant had filed for personal bankruptcy and that, in connection with those bankruptcy proceedings, she had written two checks on the checking account of Paragon Financial Services. This evidence of appellant's financial condition was admissible on the issue of her motive to commit the crime of theft. It was also admissible on the issue of her intent to treat funds which had ostensibly been paid to the business entity under investigation as her own personal account. See generally *Metts v. State*, 162 Ga. App. 641 (2) (291 SE2d 405) (1982). "All the facts connected with the transaction under investigation are relevant and admissible in evidence, provided that they afford any fair presumption as to the matter in issue ([cit.]), and especially is this true where such facts tend to show motive and intent." *Harris v. State*, 69 Ga. App.

872, 873 (27 SE2d 51) (1943).

3. Appellant enumerates the denial of her motion to sever her trial from that of her co-defendant.

"Since the offense charged in the instant case was not a capital felony, the decision of whether or not to sever the [trial of the] co-defendants rested within the discretion of the trial court. [Cits.] In the absence of a showing that the trial court abused its discretion in denying severance, causing defendant to suffer prejudice amounting to a denial of due process, we [will not] disturb the trial court's ruling on appeal. [Cit.]" *Jackson v. State*, 153 Ga. App. 462-463 (265 SE2d 368) (1980). "Since the co-defendants were jointly indicted for the same offense, involved the same witnesses and there was evidence of concerted action, the trial court did not abuse its discretion in denying severance. [Cit.]" *Johnson v. State*, 159 Ga. App. 109, 110 (282 SE2d 645) (1981).

4. Before voir dire, the calendar clerk excused an individual from the panel of prospective jurors as "totally incompetent." Over appellant's objection, the trial court approved the actions of its clerk. On appeal, appellant asserts that the excusal of this prospective juror was in violation of OCGA § 15-12-1. Under the circumstances, we find no reversible error. See *Franklin v. State*, 245 Ga. 141, 146-147 (263 SE2d 666) (1980). Compare *Joyner v. State*, 251 Ga. 84, 85 (3) (303 SE2d 106) (1983).

5. Appellant attempted to introduce the transcript of certain testimony that had been given by a witness at the preliminary hearing. This witness was unavailable for trial. The trial court refused to admit the evidence, on the grounds that it was irrelevant, "repetitive and redundant and would add nothing and really have no probative value." On appeal, appellant enumerates as error the exclusion of this evidence. Our review of the excluded evidence demonstrates that it was in fact merely cumulative of other evidence that was already properly before the jury. Accordingly, the error in its exclusion, if any, was harmless. See generally *Milstead v. State*, 155 Ga. App. 407, 408 (2) (270 SE2d 820) (1980).

6. During appellant's cross-examination, she was asked when she had filed for bankruptcy. Appellant responded: "When my house was going to be advertised for foreclosure in the spring, I guess it would be termed, of '81." The assistant district attorney then prefaced his next question to appellant with a comment on "all the talk in front of the jury for sympathy about your house being foreclosed . . . ." Appellant's counsel moved for a mistrial, objecting to the characterization of appellant's testimony as an attempt to invoke the jury's sympathy. The motion was denied and the trial court did not give curative instructions or rebuke the assistant district attorney. Appellant asserts that the trial court's failure to take any curative action

was reversible error.

"While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not rebuke by the court. [Cit.]" *Johnson v. State*, 150 Ga. App. 405, 407-408 (258 SE2d 22) (1979). That portion of appellant's answer which referred to the foreclosure on her house was seemingly unresponsive to the question, which had asked only that appellant give a date. We cannot say that this seeming unresponsiveness did not authorize the assistant district attorney's deduction that it was calculated only to evoke the jury's sympathy. "While it is improper for a district attorney to urge his personal belief, either as to the defendant's guilt or the veracity of the witnesses, he still is authorized to draw these conclusions from facts proven. [Cit.] It was therefore not improper for the assistant district attorney here . . . to infer that the defendant was [attempting to elicit sympathy]. Where the [comment] is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such [comment] is proper even if it questions the veracity of the defendant. [Cits.]" *Smith v. State*, 151 Ga. App. 697, 699-700 (261 SE2d 439) (1979). Thus, although the comment may have been somewhat argumentative in the context of appellant's cross-examination, and perhaps should have been reserved for closing argument, we conclude that it "was not so inflammatory as to deny the appellant a fair trial. [Cit.]" *Stancil v. State*, 157 Ga. App. 189, 190 (276 SE2d 871) (1981).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 21, 1985 — 

*Derek H. Jones*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Andrew Weathers, Assistant District Attorneys*, for appellee.