### 68984. JACKSON v. THE STATE.
(328 SE2d 741)

McMURRAY, Presiding Judge.

Defendant was convicted by a jury on two counts of armed robbery and sentenced to five years of confinement and five years on probation. He appeals. *Held*:

1. The defendant argues that the trial court erred in denying his motion for new trial on the general grounds. The evidence introduced by the State shows that on July 5, 1982, Ms. Eaves and Ms. Mullins, who were roommates, were walking home after dinner at about 10:15 p.m. when they were approached by a man with a gun. Upon demand Ms. Mullins and Ms. Eaves gave up their valuables and the man turned and started to walk off. Suddenly, the robber stopped and started back toward the victims. He came up behind the two women, held a gun to Ms. Mullins' back and began searching her pockets and fondling her body. He then held the gun to Ms. Eaves' back, fondled her body and fled the scene. On the morning of July 8, 1982, the vic-

tims were leaving their apartment when Ms. Mullins noticed the defendant sitting on a bench in the square across the street from her apartment. She recognized the defendant as the man who had robbed her and Ms. Eaves two days earlier. Ms. Eaves went back inside the apartment to call the police while Ms. Mullins watched the defendant. In the meantime, the defendant apparently saw the women watching him and he began walking off. Ms. Mullins got into her car to follow the defendant and he broke into a run. Ms. Mullins lost the defendant, but shortly thereafter the police picked him up from a description given by Ms. Eaves over the telephone. Within one hour after the defendant's arrest, Ms. Eaves and Ms. Mullins went to the police station and identified the defendant from a photographic lineup as the robber.

We are satisfied that the evidence adduced at trial was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses of armed robbery. *Waits v. State*, 172 Ga. App. 524, 527 (4) (323 SE2d 624); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). This enumeration of error is without merit.

2. In his first enumeration of error, the defendant argues that the trial court erred in denying his motion for mistrial. The motion was made pursuant to OCGA § 17-8-76 (a) and (b), which Code section reads as follows:

"(a) No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole, or clemency of any nature may be granted by the Governor, the State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency.

"(b) If counsel for either side in a criminal case argues to or in the presence of the jury as provided in subsection (a) of this Code section, opposing counsel shall have the right immediately to request the court to declare a mistrial, in which case it shall be mandatory upon the court to declare a mistrial. Failure to declare a mistrial shall constitute reversible error."

The defendant's motion was prompted by a statement made by the district attorney upon his objection during the defendant's closing argument. The pertinent part of colloquy is as follows: "*[Defense Counsel]* . . . [The victims] want [the defendant] in jail. Because they believe he did it. I guarantee you that if either one of those girls . . . *[Assistant District Attorney]*: Now, Judge, I object to that comment. There are several forms of punishment. There is probation. There [are] all kinds of things. The jury is not to consider punishment. *[Defense Counsel]*: Your Honor, . . . Counsel has just opened the door. In armed robbery you have to serve five years . . . [the

State] just said there is probation. There is no probation in Armed Robbery. . . . *The Court*: [The State] is saying that in response to what you said about [the defendant] being in jail. Don't make any further reference to that."

Thereafter, defense counsel asked the court to advise the jury that there is no probation in armed robbery. The court refused and the defendant moved for a mistrial. The court denied the defendant's motion and instructed the jury as follows: "Now, Ladies and Gentlemen of the jury, let me just say this to you. It is your duty here today to determine the guilt or innocence of the Defendant. You have nothing to do with the punishment and you are not to consider what either Counsel might have said anything about whether or not punishment is involved in this at all. Your sole duty is to determine the innocence or guilt and I'm going to ask [the defense counsel] and [the State] not to make any further reference to punishment of any kind."

In *Gilreath v. State*, 247 Ga. 814, 834-835 (279 SE2d 650) the Supreme Court held: "The purpose of [OCGA § 17-8-76] is to prevent prosecutors from arguing in essence that the jury should give a more severe sentence to compensate for possible pardon, parole, or other clemency." In the case sub judice, the prosecutor did not argue that the jury should give a more severe sentence to compensate for possible pardon, parole, or other clemency. On the contrary, the State was only objecting to comments made by defense counsel during his argument to the jury. See *Mitchell v. State*, 167 Ga. App. 306 (306 SE2d 322). It did not argue that defendant might not be required to suffer the full penalty of the law. See *Berrian v. State*, 139 Ga. App. 571, 572 (228 SE2d 737).

3. The defendant's second enumeration of error contends that the trial court erred in denying a motion to suppress identification testimony which was based upon a prior impermissibly suggestive photographic lineup. Prior to trial, a hearing was conducted to determine the validity of the photographic identification procedure which was used after the defendant's arrest. At the hearing and at trial the evidence showed that within one hour after the defendant's arrest, Ms. Eaves and Ms. Mullins went to the police station to make a positive identification. The victims were not allowed to see the defendant while he was in police custody, prior to the photographic lineup. Although there is some conflict as to how the photospread was prepared, after a careful examination of the transcript, the evidence shows that the police took three photographs of the defendant and placed one of the photographs in a photospread containing six or seven photographs of persons of the same race, sex, approximate age, and general physical characteristics as the defendant. All of the persons in the photospread were dressed in street clothing and all of the photographs were taken with the same type of camera and film. After

the photospread was prepared, the police separated the witnesses for an examination of the photospread. Both witnesses independently identified the defendant's photograph as the person who had robbed them.

"*Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) provides the test under which defendant's contention must be examined. The test as set forth in *Neil v. Biggers*, supra, at page 199 is, 'whether under the "totality of the circumstances" the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.'" *Smith v. State*, 160 Ga. App. 60 (286 SE2d 45). We apply this five-part test to the case sub judice as follows: (1) Both witnesses had the opportunity to view the criminal at the time of the crime. The witnesses testified that although it was dark, they saw the defendant when he turned toward a street light which was located on a nearby corner. Compare *Griffin v. State*, 229 Ga. 165, 166 (190 SE2d 61). Having reviewed the evidence, we have concluded that Ms. Mullins and Ms. Eaves had ample opportunity to observe the robber at the time of the crime. (2) The witnesses' attention was focused on the robber since they were the victims and the only other person present was the criminal. (3) The witnesses' prior description of the criminal was general; however, both Ms. Mullins and Ms. Eaves identified specific facial characteristics of the robber. (4) Both witnesses were certain of their pretrial identification of the defendant and at trial their certainty remained. (5) Only two days had elapsed between the time of the crime and the photographic lineup. See *Smith v. State*, 160 Ga. App. 60, 61, supra.

Considering the totality of the circumstances, we find that the identification procedure utilized in the case sub judice was reliable, and therefore, we find no substantial likelihood of irreparable misidentification of the defendant as the perpetrator of the armed robberies in question. *Smith v. State*, 160 Ga. App. 60, 61, supra.

4. In his third enumeration of error the defendant contends that the trial court erred in admitting into evidence the graph provided by the defendant's polygraph test. We find no error as the graph produced by the polygraph machine was not a report which expressed in writing the polygraph examiner's opinion. *Harris v. State*, 168 Ga. App. 458 (309 SE2d 431), it was introduced only to assist the jury in understanding the polygraph examiner's testimony.

5. In his fourth enumeration of error the defendant contends

that the trial court unduly restricted his cross-examination of the State's witness because he was not allowed to impeach the witness by playing back the court reporter's tape recording of the witness' testimony which took place at a hearing outside of the presence of the jury.

"[A] prior inconsistent statement becomes admissible when the witness denies having made such statement." *Dickey v. State*, 240 Ga. 634, 639 (3) (242 SE2d 55). See *Harden v. State*, 166 Ga. App. 536, 538 (3) (304 SE2d 748). After the witness denies having made the prior contradictory statement, the witness may be impeached; however, before the contradictory statement may be admitted against the witness, the time, place, person and circumstances attending the former statement shall be called to the witness' mind. OCGA § 24-9-83; *Harden v. State*, supra. In the case sub judice, the witness never denied making a contradictory statement; thus, the door to impeachment was never opened. Even assuming the witness denied making a contradictory statement, the defense never laid a proper foundation for the use of any such statement for impeachment purposes. Therefore, the trial court's ruling was appropriate.

6. In his fifth enumeration of error the defendant argues that the State improperly brought out a statement made by the defendant that was not provided to the defense under the discovery requirements of OCGA § 17-7-210. This Code section protects the accused from the introduction at trial of incriminating or inculpatory statements made by him while in custody unless he has been furnished with written copies of the statements prior to trial. OCGA § 17-7-210. See *Wallin v. State*, 248 Ga. 29, 31 (279 SE2d 687).

The following testimony was given at trial by detective Dwayne E. Ragan of the Savannah Police Department:

"[*Assistant District Attorney*] Did you have occasion to obtain a Search Warrant for the residence of . . . [the defendant]? [*Det. Ragan*] We obtained a Search Warrant for 625 Montgomery Street as the residence of [the defendant], however upon — [*Assistant District Attorney*] Where did you obtain the address from? [*Det. Ragan*] From the Defendant. However, upon —."

The defense then objected, arguing that the statements given by the defendant concerning the defendant's home address had not been properly disclosed by the State prior to trial. The court instructed the State not to pursue the line of questioning. Later, the defendant testified that he lived at 625 Montgomery Street and sometimes stayed with his grandmother at 410 West Hall Street.

From this testimony, we find no error because the testimony given by Detective Ragan in no way contravened the purpose of OCGA § 17-7-210. See *Hilburn v. State*, 166 Ga. App. 357, 358 (3) (304 SE2d 480).

7. In his sixth enumeration of error the defendant complains that the trial court erred by not charging the jury as to the general unreliability of polygraph examinations as set out in *Chambers v. State*, 141 Ga. App. 438 (233 SE2d 818) and *State v. Chambers*, 240 Ga. 76 (239 SE2d 324). Although the trial court did not charge in the exact language requested by the defendant, we find the charge given by the court complied with the requirements of *State v. Chambers*, 240 Ga. 76, supra, thus covering the controlling issues in the case. *Cohran v. State*, 141 Ga. App. 4 (232 SE2d 355).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1985.

*G. Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, M. Kay Jackson, Assistant District Attorneys*, for appellee.