### 70273. THOMAS v. THE STATE.
(339 SE2d 599)

McMURRAY, Presiding Judge.

The defendant was tried by the court, without the intervention of a jury, for theft by taking under OCGA § 16-8-2.

The evidence adduced at trial shows the following: In January 1984 Chester Morrison, the manager of Air Components and Equipment Company, Inc. (Air Components), received several telephone calls from a person identifying himself as Alan Bass of Albany, Georgia. Bass told Morrison that he was associated with Bass Contracting and that he was interested in renting sandblasting and painting equipment for use on a job Bass Contracting was to perform for Southern Bell. Bass represented to Morrison that he had a work order from Southern Bell to cover all costs of the job. Morrison agreed to supply the necessary equipment and made arrangements to have the equipment delivered to the Southern Bell jobsite. Bass told Morrison that a representative of Bass Contracting, a man named Carter, would meet Morrison at the jobsite to accept delivery of the equipment.

On January 26, 1984, Morrison sent Bennie Joe Mullinax, an employee of Air Components, to deliver the equipment to Mr. Carter at the Southern Bell building (the alleged jobsite) at the intersection of Valley and Toombs Street in Valdosta, Georgia. The defendant introduced himself to Mullinax as a representative of Bass Contracting, signed the equipment lease agreement "Emory Carter" and took delivery of the equipment.

Later that day, the defendant went to Air Components and picked up another piece of equipment and had it added to the equipment lease agreement. The defendant again represented himself as

Emory Carter. As the defendant was leaving with the extra equipment, another employee of Air Components observed in the back of the defendant's truck a piece of equipment that Mullinax had delivered earlier that morning to the defendant.

The week after the equipment was delivered to the defendant, an employee of Air Components in charge of inventory discovered that the equipment was not at the Southern Bell jobsite. It was also discovered that the equipment had not been returned to stock and no rental payments had been made by Bass Contracting. A further investigation revealed that there was no such business as Bass Contracting in Albany, Georgia and that Southern Bell had never done business with Bass Contracting.

About three weeks after the delivery of the equipment, the defendant was arrested in Valdosta, Georgia after being seen by two employees of Air Components.

The following evidence was introduced at trial to show that the defendant had been involved in a similar criminal transaction: In February 1984 John Redding, the operator of Jelly Bean Rentals, was contacted by a man who identified himself as Mr. Jenkins, of Jenkins Construction Company located in Thomasville, Georgia, and who requested the rental of sandblasting equipment. The defendant, representing himself to be Emory Carter, went to Jelly Bean Rentals and picked up the equipment. After approximately three weeks, the equipment was not returned and no payments had been made. Redding discovered that there was no such business as Jenkins Construction Company in Thomasville, Georgia and he also discovered that the tag number he had taken from the truck used by the defendant to carry the equipment had been stolen. Finally, the driver's license used by the defendant for identification had been stolen from Emory Carter in January 1984. This Emory Carter testified concerning the circumstances surrounding the theft of his driver's license. He also testified that he had never leased equipment from Air Components or Jelly Bean Rentals. From these facts the trial court found the defendant guilty of the crime charged. The defendant now appeals. *Held:*

1. In his first enumeration defendant maintains the trial court erred in denying his "motion for judgment of acquittal." "A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom demands a verdict of not guilty. *Benjein v. State*, 158 Ga. App. 794, 795 (282 SE2d 391) (1981); *Howard v. State*, 165 Ga. App. 555 (301 SE2d 910) (1983); OCGA § 17-9-1. If there is any evidence of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case. *Pope v. State*, 167 Ga. App. 328, 330 (306 SE2d 326) (1983), and where the state's evidence, as here, authorizes a conviction, it cannot be found

to demand a verdict of acquittal. *Milner v. State*, 159 Ga. App. 887, 888 (285 SE2d 602) . . . Inasmuch as a review of the evidence adduced at trial reveals there was ample evidence sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond a reasonable doubt, it was not error for the trial court to refuse to grant the motion for a directed verdict of acquittal. *Maddox v. State*, 170 Ga. App. 498, 499 (317 SE2d 617) (1984)." *Sprayberry v. State*, 174 Ga. App. 574, 577 (4) (330 SE2d 731). This enumeration of error is without merit.

2. The defendant contends in his second enumeration of error that the evidence was not sufficient to support his conviction. "A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken . . ." OCGA § 16-8-2.

From the facts recited herein and other evidence adduced at trial we are satisfied that there was sufficient evidence to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the essential elements of the offense of theft by taking as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jackson v. State*, 173 Ga. App. 851 (1) (328 SE2d 741). See also *Stull v. State*, 230 Ga. 99 (1) (196 SE2d 7); *Pelligrini v. State*, 174 Ga. App. 84 (1) (329 SE2d 186).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1985 —
REHEARING DENIED DECEMBER 20, 1985 — 

*J. Converse Bright*, for appellant.

*H. Lamar Cole, District Attorney, James Thagard, Assistant District Attorney*, for appellee.