### 71753. MILFORD v. THE STATE.
(344 SE2d 505)

CARLEY, Judge.

Appellant appeals from her conviction of theft by taking. Construed in a light most favorable to the verdict, the jury was authorized to find the following: Appellant was an employee of an Augusta department store which, for a period of a year and a half, had experienced unexplained losses from the cash registers in the service area of the department store. As a result of these losses, hidden remote cameras were installed in the service department and the monitors were observed by security personnel. On July 21, 1984, the security manager for the department store was watching the monitor and ob-

served appellant receive a $50 bill from a customer who wished to pay on an account. In handling the transaction, appellant rang up the $30 credit, placed the $50 bill into the register and removed several $20's from the register. Appellant gave one $20 bill to the customer. Appellant was observed rolling up another $20 bill and placing the same into the skirt she was wearing. One of the monitors was connected to a video cassette recorder and the tape therefrom was played to the jury during the trial.

1. Initially, appellant objects to allowing the video tapes to be shown to the jury because, appellant contends on appeal, a proper foundation was not shown. A careful review of the transcript reveals that no objection to the laying of a foundation was made at trial and in fact, counsel for appellant stated that he had no objection to the admission of the tape into evidence. In this connection, the only objection made with regard to the tape dealt with the chain of custody, and was in effect withdrawn by counsel's acquiescence in the prosecutor's statement in his place. However, even if we were to find that timely objection was made on the basis of the failure to lay a foundation, there is clearly nothing in the record to show that appellant stated what foundation needed to be laid as a condition precedent to the admission of the tape. "Objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. [Cits.]" *Dick v. State*, 246 Ga. 697, 704 (273 SE2d 124) (1980). Finally, "[i]n any event . . . the evidence was cumulative, having been previously presented through the testimony of [the security manager]." *Hammond v. State*, 169 Ga. App. 97 (311 SE2d 523) (1983). Accordingly we find that the defendant has waived any right to assert on appeal the failure of the state to lay the proper foundation. *Moore v. State*, 169 Ga. App. 24 (5) (311 SE2d 226) (1983). The trial court did not err in allowing the tape to be played to the jury.

2. The appellant enumerates as error the denial of appellant's motion for mistrial based upon certain improper remarks allegedly made by State's counsel during opening statement. Although the record contains appellant's objection, the motion for mistrial, the colloquy between counsel and the court, and the court's ruling, there was no transcript of the purportedly offensive portion of the opening statement itself. "[W]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of [OCGA § 5-6-41 (f)] [Cits.] When this is not done, there is nothing for the appellate court to review. [Cits.]" *Zachary v. State*, 245 Ga. 2 (262 SE2d 779) (1980).

Furthermore, "[t]he refusal to grant a mistrial based on alleged improper remarks of the prosecutor is within the discretion of the

trial court, OCGA § 17-8-75, and we will not interfere with the decision on appeal unless there is manifest abuse. [Cit.]" *Harrell v. State*, 253 Ga. 474, 476 (321 SE2d 739) (1984). Our review of what does appear of record clearly shows that the trial court did not abuse its discretion in denying the motion for mistrial.

3. The defendant contends that the evidence was not sufficient to support his conviction. "A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken. . . ." OCGA § 16-8-2. "From the facts recited herein and other evidence adduced at trial we are satisfied that there was sufficient evidence to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the essential elements of the offense of theft by taking as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jackson v. State*, 173 Ga. App. 851 (1) (328 SE2d 741). See also *Stull v. State*, 230 Ga. 99 (1) (196 SE2d 7); *Pelligrini v. State*, 174 Ga. App. 84 (1) (329 SE2d 186)." *Thomas v. State*, 177 Ga. App. 366, 368 (339 SE2d 599) (1985).

4. Appellant's remaining enumerations have not been supported by argument or citation of authority and are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Fobbs v. State*, 171 Ga. App. 352 (319 SE2d 522) (1984). "We have nevertheless reviewed these enumerations and find them to be meritless." *Roberts v. State*, 175 Ga. App. 326, 330 (333 SE2d 189) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 23, 1986 —

*Archie L. Gleason*, for appellant.
*Michael C. Eubanks, Solicitor, Timothy S. Mirshak, Assistant Solicitor*, for appellee.