### 76668. ABARR v. THE STATE.
(369 SE2d 540)

BANKE, Presiding Judge.

On appeal from his conviction of driving under the influence, the appellant contends that the trial court erroneously condoned improper closing argument by the state's attorney to the effect that he (the appellant) had lied during his testimony. *Held*:

The appellant relies on the following holding from *Iler v. State*, 139 Ga. App. 743 (3) (229 SE2d 543) (1976): "Argument by the district attorney expressing a personal opinion that the defendant is guilty is objectionable (cit.) and when condoned by the trial court constitutes reversible error. The same result should apply to a statement of counsel in argument that the defendant is lying." This language has, however, been disapproved to the extent that it conflicts with the Supreme Court's decision in *Shy v. State*, 234 Ga. 816, 824 (218 SE2d 599) (1975), holding that the state's attorney is *not* prohib-

ited from arguing that the defendant's testimony is incredible so long as his argument does not amount to an expression of personal opinion to that effect. See *Thomas v. State*, 146 Ga. App. 501 (1) (246 SE2d 498) (1978).

In the present case, the arguments of counsel were not recorded, and it cannot be determined from the colloquy surrounding the appellant's motion for mistrial whether the prosecuting attorney in fact crossed the line between proper argument and improper expression of personal opinion. The trial court evidently concluded that no improper expression of opinion had occurred, and in the absence of a complete transcript we must presume that this conclusion was correct. See *Milford v. State*, 178 Ga. App. 792 (2) (344 SE2d 505) (1986); *Dyer v. State*, 154 Ga. App. 421, 422 (268 SE2d 758) (1980). Accordingly, we hold that the trial court did not err in denying the appellant's motion for mistrial.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 20, 1988.

*Paul S. Liston*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.