## A95A1019. DUNN v. THE STATE.
(461 SE2d 294)

JOHNSON, Judge.

Johnny Lee Dunn was convicted of three counts of sale of cocaine. On appeal, he argues that the trial court erred in admitting videotaped recordings of the transactions. We disagree. When the first of three videotapes was tendered into evidence, defense counsel objected, arguing that no proper foundation had been established. Specifically, he contended that the foundation witness's testimony identifying the videotape as the one taken on the date in question was not credible as the witness did not maintain custody of it. Dunn asked the court to accept his same objection as to the other two tapes. In making his objection, Dunn did not state what the proper foundation for admitting the videotape would be. "Objection on the ground

of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal." (Citations and punctuation omitted.) *Milford v. State*, 178 Ga. App. 792, 793 (1) (344 SE2d 505) (1986). Dunn has therefore waived any right to assert on appeal the failure of the state to lay the proper foundation for the tapes. See *Carter v. State*, 146 Ga. App. 322, 323 (6) (246 SE2d 378) (1978).

In any event, we have examined the record and note that Dunn's objection was properly overruled by the trial court. The chain of custody requirement does not apply to distinct and recognizable physical objects that can be identified upon observation, such as videotapes. *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313) (1993). The undercover officer viewed the videotapes soon after the sales occurred and again the day before trial. He testified that the tapes proffered at trial were the same ones that he viewed before and that they were true and accurate representations of the transactions. Inasmuch as the videotapes could be and were in fact identified upon observation by the witness, no showing of custody was required. Moreover, credibility as it relates to the admissibility of evidence is an issue for the trial court; a trial court's findings as to credibility will be upheld on appeal unless clearly erroneous. *Hall v. State*, 176 Ga. App. 428, 429 (1) (336 SE2d 291) (1985). The trial court's implied finding that the foundation witness was credible was not clearly erroneous. The trial court did not abuse its discretion in admitting the tapes over Dunn's objection. See *Harper v. State*, 213 Ga. App. 444, 447-448 (4) (445 SE2d 303) (1994).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED AUGUST 9, 1995.

*Martin L. Fierman*, for appellant.
*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.