### A97A1476. FLOYD v. THE STATE.
(490 SE2d 542)

Blackburn, Judge.

Donald Tyrus Floyd appeals the jury's verdict convicting him of driving under the influence and improper lane usage. He claims that the trial court erred in denying his motion for mistrial based upon certain references the prosecutor made in opening statements. He also contends that the court's sentence is contrary to the applicable sentencing statute.

1. Floyd moved for a mistrial in response to certain references made by the prosecutor during the State's opening statement, and contends that the trial court erred in denying his motion. The standard of review applied by this Court is whether or not the trial court abused its discretion in denying defendant's motion. "[T]he decision of whether to grant a mistrial is within the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion." (Punctuation omitted.) *Stubbs v. State,* 220 Ga. App. 106, 109 (3) (469 SE2d 229) (1996).

According to Floyd, the prosecutor improperly implied to the jury that the test result of Floyd's alco-sensor was somehow indicative of his level of intoxication. Defendant has failed however to meet his burden of establishing his factual contentions in the record. As this Court has held under similar facts, "[a]lthough the record contains appellant's objection, the motion for mistrial, the colloquy between counsel and the court, and the court's ruling, there was no transcript of the purportedly offensive portion of the opening statement itself. Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted.) *Milford v. State,* 178 Ga. App. 792, 793 (2) (344 SE2d 505) (1986).

"Furthermore, the refusal to grant a mistrial based on alleged improper remarks of the prosecutor is within the discretion of the trial court, OCGA § 17-8-75, and we will not interfere with the decision on appeal unless there is manifest abuse. Our review of what does appear of record clearly shows that the trial court did not abuse its discretion in denying the motion for mistrial." (Citations and

punctuation omitted.) Id. at 793-794 (2).

2. Floyd argues that the sentence imposed upon him by the trial court for driving under the influence violates the applicable sentencing statute. He contends the trial court erred in sentencing him to serve 12 months in the state penal system instead of in a county facility.

The record indicates that Floyd was sentenced pursuant to OCGA § 40-6-391 (c) (3), as this was his third conviction within five years for driving under the influence. Pursuant to OCGA § 40-6-391 (c), Floyd's conviction is classified as a high and aggravated misdemeanor. OCGA § 17-10-4 sets out the punishments for high and aggravated misdemeanors, and subsection (a) of that Code section provides that "[a] person who is convicted of a misdemeanor of a high and aggravated nature shall be punished by a fine not to exceed $5,000.00 or by confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a term not to exceed 12 months, or both." Floyd maintains that this statute does not authorize incarceration in the state penal system, and for that reason, his sentence cannot be sustained. We agree.

The State argues that the inclusion of the words "other jail" in OCGA § 17-10-4 authorizes Floyd's incarceration in a state penal system institution. However, such a construction is not well-founded in light of the other language contained in the statute. The repeated use of the word "county" to illustrate all the places where a county might confine inmates in its custody evidences the legislature's intention for defendants convicted of high and aggravated misdemeanors to remain in the custody of the county, not the state penal system.

This construction of OCGA § 17-10-4 is also consistent with a companion statute on the sentencing of misdemeanants generally, OCGA § 17-10-3. The legislature therein specifically provided that misdemeanors could be punished either by "confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates," see subsection (a) (1), or by "confinement under the jurisdiction of the Board of Corrections in a state or county correctional institution." See subsection (a) (2). By comparing these two statutes, it is clear that had the legislature intended high and aggravated misdemeanors to be punishable by incarceration in a state penal institution, it could have so provided in OCGA § 17-10-4, in the same manner it did in OCGA § 17-10-3 (a) (2).

This opinion is also squarely on point with a recent unpublished opinion of this Court. While we have not squarely addressed this issue in a published opinion, we have generally acknowledged the result reached herein. See *Smith v. State*, 174 Ga. App. 238 (329

SE2d 507) (1985).

Without citing any authority for its position under OCGA § 17-10-3 (a) (2), the State argues that Floyd's sentence on the improper lane usage charge could properly be served in a state penal institution and that his sentence for the high and aggravated misdemeanor would simply be concurrent thereto. The State's argument fails, however, as OCGA § 17-10-3 (a) (1), (2) prohibits a defendant who is both fined and incarcerated, as in this case, from being confined in a state institution. *Williams v. State*, 221 Ga. App. 291 (470 SE2d 922) (1996). Also, under OCGA § 17-10-4, a sentence of incarceration for a misdemeanor of a high and aggravated nature can only be served in a county facility. Therefore, Floyd's incarceration in a state facility on the subject charges is not authorized.

Accordingly, while we affirm the conviction, we must vacate that portion of Floyd's sentence which requires that he be incarcerated in the state penal system. The case is therefore remanded to the trial court for the entry of a sentence consistent with this opinion.

*Judgment affirmed, sentence vacated, and remanded with direction. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 31, 1997.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*G. Channing Ruskell, Solicitor, Thomas J. Melanson, Assistant Solicitor*, for appellee.