## A03A2529. SAVAGE v. THE STATE.
(592 SE2d 188)

BLACKBURN, Presiding Judge.

Following his convictions for robbery and sexual battery, Timothy Jerome Savage appeals, arguing that the trial court erred in failing to grant his motions for mistrial because (1) a State witness's statement improperly placed his character into issue, and (2) the prosecuting attorney's comments during closing argument addressed facts not in evidence and placed his character into issue. Finding no error, we affirm.

In considering both of Savage's enumerations of error, "[t]he standard of review applied by this Court is whether or not the trial court abused its discretion in denying defendant's motion. The decision of whether to grant a mistrial is within the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion." (Punctuation omitted.) *Floyd v. State*.[1]

1. During the State's case-in-chief, one of the State's witnesses, a police officer, testified: "And after that, the following morning we started the follow-up investigation. And, let's see, I believe after we went to the City of Atlanta we obtained a picture of the suspect from the City of Atlanta." Savage argues that the witness's statement that the police got his picture from the City of Atlanta improperly placed his character in issue because the statement implied that he had a criminal record and was thus more likely to have committed the crime of which he stood accused. We find no merit to this argument.

The police officer's statement that he had obtained Savage's picture from the City of Atlanta was "a mere reference to the fact that [Savage's] photograph was already in police records, which did not place [Savage's] character in issue." *White v. State*.[2] In *Hubbard v. State*,[3] the defendant also argued that the State's witness improperly placed his character in issue when the witness testified that he had gone to the sheriff's office and retrieved a photograph of the defendant from the files. In rejecting this argument, we said:

> The Supreme Court of Georgia has held that a detective's statement that he " 'decided to pull some pictures of (the defendant) from our file(s)' " does not place the defendant's character into evidence. The testimony of a witness that the victim picked the defendant's picture out of "an album" also does not place the defendant's character in issue. Testimony that a witness identified a picture of the defendant taken

---

[1] *Floyd v. State*, 227 Ga. App. 873 (1) (490 SE2d 542) (1997).
[2] *White v. State*, 267 Ga. 523, 524 (6) (481 SE2d 804) (1997).
[3] *Hubbard v. State*, 259 Ga. App. 275, 278 (4) (576 SE2d 663) (2003).

three years earlier, which may have intimated that the picture was included in a "rogue's gallery," also did not put the defendant's character in issue. Even the admission into evidence of a "mug shot" of the defendant does not inject his character into evidence. Accordingly, the trial court did not err in denying Hubbard's motion for mistrial.

(Citations omitted.) Id. at 278 (4). Here, as in *Hubbard*, the trial court did not err in denying Savage's motion for mistrial.

2. In his second enumeration of error, Savage maintains that the prosecuting attorney's comments during closing argument addressed facts not in evidence and placed his character into issue. During closing argument, the prosecuting attorney told the jury:

And what we've seen through the questions that were asked of the victim and of all the witnesses that had contact with the victim, were based on the fact that, hoping that because she was a stripper means that she is not credible, means that she gives away free sex for rides, and/or that she's a prostitute. That's what I meant. That's what I believe you saw through the defense's questioning. But I'd like to point out the irony of that. *Because the person that's asking you to go ahead and make a decision as to the credibility of [the victim] is from a person who goes to the same place where [the victim] was working. And I'm sure we can all hypothesize that this man didn't tell his family that night, "Hey, I'm going to be late."*

(Emphasis supplied.) Savage objects to the italicized portion of the above statement, contending that the statement was a comment on facts not in evidence, and that it placed his character in issue by accusing him of being unfaithful or irresponsible to his family. We disagree.

Construing the comment in the context of the argument as a whole, it is clear that the comment was not an attempt to bring in facts not in evidence. The prosecuting attorney was not trying to introduce into the case specific facts about Savage's conversation with his family on the night of the crime, as the use of the word "hypothesize" indicates. In addition, "it takes an inferential leap to construe the prosecutor's words as a comment on [Savage's] character." *Alexander v. State.*[4] The point of the prosecuting attorney's comment was simply to urge the jury not to discount the victim's credibility as a witness because of the fact that she was a dancer at a strip

---

[4] *Alexander v. State*, 263 Ga. 474, 476 (2) (c) (435 SE2d 187) (1993).

club. "What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair." (Punctuation omitted.) *Jordan v. State*.[5] The prosecutor's argument that the jury should not disbelieve a sexual assault victim because she is a stripper is not an improper one. "The discretion conferred upon the trial court by OCGA § 17-8-75 to order a mistrial will not be interfered with on appeal unless manifestly abused, and we find no such abuse here." Id.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 15, 2003.

*Oakhurst Law Group, Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

