## 63355. THE STATE v. WILKERSON.

Decided February 5, 1982.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellant.
*Jack Hancock,* for appellee.

Deen, Presiding Judge.

It was held in *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271) (1973): "Code § 27-2510 provides that where a person is convicted on several counts of a multi-count indictment and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein." Based on that statute and on the law then in effect for two-step trial procedures, the court held that the trial court had no authority to change the sentence fixed by the jury, and the jury "must prescribe the sentence to be served on each count," where there is a multi-count indictment. *Wade* thus stood for the proposition that where a jury failed to specify consecutive sentences, all sentences were concurrent, and the judge had no authority to change them to consecutive sentences, thus increasing the punishment.

*Wade* does not conflict with *Dilas v. State,* 159 Ga. App. 39 (282 SE2d 690) (1981). *Dilas* was decided at a time when the two-step trial-sentencing procedure had been changed. Under present law, "the sentence shall be imposed by the judge, as provided by law. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Code § 27-2301. *Dilas* held that where on a probation revocation hearing it was necessary to determine the legality of the original sentence, such irregularity will not void it if the sentence *could* legally have been imposed, the question being not whether a proper sentence on each count of the indictment *was* entered but whether the sentence entered *could* properly have been entered on the verdict. *Dilas* involved a guilty verdict on each of 26 misdemeanor counts and a sentence of "36 months confinement." Obviously no one count could carry more than 12 months' confinement, but the verdict *could* properly have been entered by a sentence of 12 months concurrent on 24 counts and 12 months consecutive on the remaining two, or any other combination of figures (such as one month on 25 counts and 11 months on the 26th, all consecutive) which would total 36 months. This conclusion in no way conflicts with *Wade.* The court had no power in *Wade* following a *concurrent* jury verdict, to make its parts consecutive, although the jury in the first instance might have done so.

The present case is controlled by *Dilas.* The appellant *could have been* sentenced to a maximum of 20 years on the burglary count alone, plus two misdemeanors, a felony theft and assorted other delinquencies. That conviction was never appealed, and the defendant entered upon the service of the probated sentence. On the hearing of the petition to revoke the question was not whether the sentence as entered was technically correct, but whether such sentence "could legally have been imposed." Since the sentence could have been legally imposed, the trial court erred in holding the sentence void and returning the original case to its court of origin for resentencing.

*Judgment reversed. Sognier and Pope, JJ., concur.*