### 70334. MOSS v. THE STATE.
(334 SE2d 355)

SOGNIER, Judge.

Appellant was convicted of aggravated assault on a peace officer in the performance of his duties and appeals.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the evidence is not sufficient to support the verdict.

The evidence disclosed that appellant grabbed Gail Roberts, who appellant stated was his wife, as she was entering a friend's home to play cards. Appellant beat Roberts with his fist, choked her and threw her down on the ground. Appellant was then beaten by Isaiah Jordan, who had observed appellant beating Roberts. Appellant departed and Roberts called the police; after learning what happened the police escorted Roberts to appellant's house. On arrival appellant came

outside and fired six shots at officer Russell Lewis; one of the shots struck Lewis in the thigh, shattering his femur bone and resulting in his hospitalization for 45 days. After several other officers surrounded the house, appellant surrendered and subsequently admitted the shooting in a written statement to the police.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends it was error to admit into evidence his written statement because it was not shown to be voluntary and because he was denied his right to the assistance of counsel.

At a Jackson-Denno hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), Detective Henry Gibson testified that appellant was taken to a hospital after his arrest for treatment of an eye injury. While at the hospital Gibson advised appellant of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), and after treatment appellant was taken to the Detective Bureau and again advised of his *Miranda* rights. On both occasions appellant stated that he understood his rights but he would not sign a waiver of rights form. Thereafter appellant made a written, signed statement admitting that he shot at someone, but denying that he knew it was a police officer. No threats or promises of any kind were made to appellant, and he did not request a lawyer, nor was he denied the right to make telephone calls. However, near the end of the interview and after acknowledging that he had a gun and shot at someone, appellant asked if he would be able to get a lawyer or to have a lawyer. Gibson told appellant he should get a good lawyer because he was going to need one. Appellant made no further mention of a lawyer. The only thing left to be done when appellant made his comment about a lawyer was to get the exact location of the weapon and type up the statement. At no time did appellant ask for a lawyer or tell Gibson he did not want to talk without a lawyer present.

Appellant testified that his rights were not read to him, and that he told the police he did not want to do any talking until he saw his lawyer or called his lawyer on the telephone. Appellant also testified that the police would not let him make a telephone call to anyone.

Factual and credibility determinations as to the voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error in the trial court's determination that appellant's statement was made voluntarily and that any reference to a lawyer referred to a lawyer for trial, not to having a lawyer present

during the interview.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED SEPTEMBER 4, 1985.

*R. Robider Markwalter,* for appellant.
*Willis B. Sparks III, District Attorney,* for appellee.