71883. NEWBY v. THE STATE.
71884. WALTON v. THE STATE.
(345 SE2d 102)

SOGNIER, Judge.

Both appellants were convicted in a joint trial of three counts of armed robbery. Additionally, appellant Newby was convicted of a fourth count of armed robbery and also pleaded guilty to the offense of possession of a firearm by a convicted felon. Both appellants appeal.

1. Appellants contend the evidence is not sufficient to support the verdicts. Appellant Walton made a written confession admitting that he robbed the manager of a Mrs. Winners' restaurant on July 15, 1984. He was identified positively as one of the persons who committed two other robberies which occurred during the same month. Appellant Newby gave written statements to the police confessing to his participation in four robberies, three of them committed with Walton. All robberies were committed at gunpoint.

Although appellants presented alibi evidence, the weight of the evidence and credibility of witnesses are questions for determination by the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant Newby contends the trial court erred by denying his motion to suppress evidence of a gun found in Newby's car. At a hearing on this motion it was disclosed that two police officers were on a stakeout of Newby's apartment because Newby was a suspect in several recent armed robberies. The officers received a radio call that appellant may have been involved in an armed robbery of a Pizza Hut a few minutes earlier. A car matching the description of the car used in the robbery entered the apartment complex at a fast rate of speed and started backing into a parking space in front of Newby's apartment. The officers blocked the car and ordered the four men in the

car to get out. The police observed the butt of a gun sticking out of a green bag under the front passenger seat of the car where appellant had been sitting, and seized the bag and weapon. They then searched the passenger compartment of the car and found another pistol further back under the same seat. Newby told the police that he owned the car and the gun in the bag was his. The four men were then taken to the police station. When the police learned that appellant was a convicted felon he was arrested. Both appellants testified at the hearing that the bag containing the gun was zipped closed and was all the way under the seat, not in plain view.

Newby argues that because there was no probable cause to stop appellant and he was not under arrest, the seizure of his gun was illegal and evidence relating to seizure of the gun was inadmissible. We do not agree. Newby was a suspect in a series of armed robberies and a car matching the description of appellant's car had been used in an armed robbery a few minutes earlier. Thus, the police officers were authorized to detain appellant briefly under the holding in *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Law enforcement officers who have detained but not arrested the occupants of an automobile may, under *Terry*, supra, conduct a warrantless search of the automobile passenger compartment, limited to those areas in which a weapon may be placed or hidden, if the officers possess a reasonable belief, based on specific and articulable facts and rational inferences from those facts, that the occupant(s) of the automobile are dangerous and may gain immediate control of a weapon. *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983). Since appellant was a suspect in several armed robberies, including one occurring a few minutes earlier, the police had specific and articulable facts and rational inferences from such facts to make them believe that the occupants of the car were dangerous and could get control of a weapon. Thus, the officers were entitled to conduct a warrantless search of the passenger compartment of the car, regardless of whether or not the bag containing the weapon was in plain view, and regardless of the fact that appellant was not under arrest. Accordingly, it was not error to deny Newby's motion to suppress evidence of the guns found in Newby's car.

3. Appellant Walton contends the trial court erred by admitting into evidence his statement to police, made after he had requested an attorney to represent him. At a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) evidence was presented that Walton was advised of his rights by police Sergeant Darlow at 10:31 a.m., August 9, 1984 and again advised of his rights by Lieutenant Riffe at approximately 2:30 p.m. the same date. On both occasions Walton signed a waiver of rights form and at 2:40 p.m. he gave a statement to Lieutenant Riffe which was reduced to writing.

Both officers testified that Walton understood his rights and did not request a lawyer. Darlow did not question Walton at all, and Riffe testified that Walton did not ask that questioning cease until he could obtain a lawyer. No threats or promises were made to Walton.

Walton testified that he told both officers that he wanted to talk to his mother, who would get a lawyer for him, and at a magistrate's hearing sometime between 12:00 and 1:00 p.m. the same day at which Riffe was present, but before he gave his statement to Riffe, he told the magistrate he wanted to postpone his hearing so he could get an attorney. Appellant also testified that while being interviewed by police he could have called his mother if he wanted to do so, and that he only gave a statement to Lieutenant Riffe because he was scared.

Walton contends that once he told the magistrate he wanted an attorney, it was improper for Lieutenant Riffe to question appellant, and therefore, his statement was inadmissible. Although the magistrate advised appellant of his right to be represented by an attorney at the magistrate's hearing, the magistrate could not tell from a tape of the hearing or his own recollection if appellant asked to be represented by an attorney, or why the hearing was reset for a later date.

Factual and credibility determinations as to the voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Moss v. State*, 175 Ga. App. 754, 755 (2) (334 SE2d 355) (1985). We find no error in the trial court's determination of voluntariness here. Even assuming that appellant told the magistrate he wanted a postponement of the hearing to obtain an attorney to represent him at the magistrate's hearing, there is no indication, other than appellant's own testimony, that he ever informed the *police* he wanted an attorney before being questioned by them. In fact, it was *after* the magistrate's hearing that Walton was again advised of his rights, including the right to have an attorney present, and thereafter signed a waiver of his rights. Thus, the record shows that Walton knowingly, intelligently, and voluntarily waived his right to an attorney. The principles of *Miranda* place assertion of the right to remain silent and the right to counsel upon the accused, *Blanks v. State*, 254 Ga. 420, 423 (2) (330 SE2d 575) (1985), and appellant did not assert those rights. Hence, there was no violation of the Fifth Amendment and the trial court did not err by admitting Walton's confession into evidence.

*Judgments affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 2, 1986.

*William T. Hankins III*, for appellants.
*Robert E. Wilson*, District Attorney, *Thomas S. Clegg, Susan*

*Brooks, Nelly Withers, Assistant District Attorneys,* for appellee.