## A89A0043. WATSON v. THE STATE.
(379 SE2d 817)

SOGNIER, Judge.

Willie Watson was convicted of possession of cocaine, and he appeals.

Construing the evidence to support the verdict, the record reveals that Officer B. Martin of the Atlanta Police Department observed a new red Mercury Topaz automobile with a dealer drive-out tag pull up at a gasoline station. The fact that the vehicle had a drive-out tag rather than a metal license tag aroused his suspicion, because the police "had been having a lot of cars with dealer drive-out tags that came back to be stolen," and he approached the car and asked the driver for his driver's license. The driver, Gene Jewell, stated he did not have one. Officer Martin testified that at that point he noticed the passenger, later identified as appellant, start fumbling, as though he were concealing something beside the passenger seat. Officer J. Goines of the Atlanta Police Department, who had driven up while Officer Martin was talking to the driver, also noticed appellant appear to put something under the seat of the car. Officer Martin called to Officer Goines to watch the passenger, and Goines got out of his car and opened the passenger door of the Topaz. When the door was opened, a small plastic bag, containing rice and several cellophane wrapped packets of white powder, later identified as cocaine, was in plain view. The two officers arrested appellant and Jewell and performed an inventory search of the car, where another bag of cocaine was found. Jewell entered guilty pleas to possession of cocaine and possession of less than an ounce of marijuana, which was found on his person.

Appellant contends the trial court erred by denying his motion to suppress evidence seized in the search of the vehicle because the police had no valid reason to stop the car. Appellant argues that neither he nor Jewell was doing anything illegal or suspicious when stopped, and the fact that the vehicle bore a dealer drive-out tag was insufficient to create the articulable suspicion necessary to authorize even a brief stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). We do not agree. " 'On appeal of the denial of a motion to suppress(,) the evidence is to be construed most favorably to the upholding of the findings and judgment made.' [Cits.] The trial court's findings must be adopted unless determined to be clearly erroneous. [Cits.] The facts in this case do not dictate a departure from this general rule." *Dennis v. State*, 166 Ga. App. 715, 716-717 (305 SE2d 443) (1983).

In this case the police had specific knowledge that many cars with drive-out tags turned out to have been stolen, and thus the suspicion engendered by the drive-out tag was more than an "unparticularized suspicion or 'hunch.' " *Terry*, supra at 27. It was an "objective

manifestation that the person[s] stopped [may be] . . . engaged in criminal activity. [Cits.]" *United States v. Cortez,* 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981). Accordingly, we find that Officer Martin was authorized to make a brief investigative stop of the car. See *Evans v. State,* 183 Ga. App. 436, 437-439 (2) (359 SE2d 174) (1987).

Once the car had been stopped, both Officer Martin and Officer Goines observed appellant reach down beneath or to the side of the passenger seat. Officer Goines testified that he did not know if a weapon was being concealed. Reasonably prudent police officers in those circumstances would have been warranted in believing that a weapon might have been concealed, thus placing their safety in danger. *Michigan v. Long,* 463 U. S. 1032, 1048-1051 (103 SC 3469, 77 LE2d 1201) (1983); see *Newby v. State,* 178 Ga. App. 891, 892 (2) (345 SE2d 102) (1986). To protect themselves, therefore, the officers were justified in opening the passenger door to see exactly what appellant had been attempting to hide. One plastic bag containing cocaine was in plain view once the door was opened, and it was therefore admissible in evidence. *Dennis,* supra at 717.

Upon the discovery of contraband, the officers were justified in arresting appellant and Jewell pursuant to OCGA § 17-4-20 (a), and in searching the car incident to the arrest pursuant to OCGA § 17-5-1, during which search the other bag of cocaine was discovered. Accordingly, the second bag of cocaine was admissible into evidence and the trial court's denial of appellant's motion to suppress was proper. See *Newby,* supra at 892 (2).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989.

J. M. Raffauf, for appellant.

*Robert E. Wilson,* District Attorney, *Barbara B. Conroy, Michael D. Thorpe,* Assistant District Attorneys, for appellee.