A89A1128, A89A1515. THE STATE v. SMITH; and vice versa.
(389 SE2d 547)

POPE, Judge.

Defendant Smith was convicted of 13 counts of armed robbery, three counts of kidnapping, and one count of aggravated assault. During sentencing, the trial court, over objection by the State, merged the armed robbery convictions into four counts, one for each of the four locations where the robberies had occurred. The defendant was thereupon sentenced to four concurrent life terms, to be followed by four concurrent 20-year terms. Before us now is a direct appeal by the State from the sentencing order, as well as a cross-appeal by the defendant which is directed to the merits of his convictions. *Held:*

1. We must decide initially if we have jurisdiction to consider the State's direct appeal. "Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. *Potts v. State*, 236 Ga. 230 (223 SE2d 120) (1976); *Darden v. Ravan*, 232 Ga. 756 (1) (208 SE2d 846) (1974)." *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989).

The trial court improperly merged eight of twelve armed robbery

counts into four counts under an "incident location" theory, without giving further explanation or citation to authority. "Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer." *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17) (1975). The record shows that each of the counts merged by the court for sentencing purposes involved separate individuals. Thus, defendant's action against each individual was a separate crime and could not merge in fact or law. See OCGA § 16-1-7. It follows that defendant has yet to be sentenced for eight of the crimes. The State is thus empowered to appeal directly the failure of the trial court to legally impose sentences for those eight crimes. *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978). The judgment of the trial court merging the counts must be vacated and the case is remanded to the trial court with direction that the court enter sentence upon the eight remaining counts of armed robbery.

2. In his cross-appeal, defendant contends that the evidence was insufficient to support the convictions and also that certain evidentiary errors were committed during the trial of the case. The first issue which presents itself is whether we have jurisdiction to entertain the cross-appeal. The record discloses that defendant was convicted and sentenced on November 11, 1988, yet the notice of cross-appeal was not filed until April 25, 1989. However, five days before the filing of the notice, the trial court, without objection by the State, had granted a motion by defendant for permission to file an out-of-time appeal.

In *State v. Cook*, 172 Ga. App. 433, 436 (323 SE2d 634) (1984), this court held that "[t]he viability of what is denominated as a 'cross-appeal' in a criminal case must . . . be based upon the applicable statutory requirements regarding independent appeals and not upon the provisions of OCGA § 5-6-38 (a)." Based on the trial court's evident finding that there was good cause to allow an out-of-time appeal in this case, and recognizing that "an abortive attempt to appeal a criminal conviction due to a technical error on the part of the appellant's attorney may result in a denial of the appellant's constitutional right to effective assistance of counsel for which habeas corpus relief would lie," *Johnson v. State*, 183 Ga. App. 168 (1) (358 SE2d 313) (1987), we hold that it is appropriate to address the merits of the defendant's enumerations of error.

3. Defendant contends the trial court erred in admitting his written confession. Following a *Jackson v. Denno* hearing, the trial court determined that Smith had made the confession freely and voluntarily after being advised of his *Miranda* rights. Such factual and credibility determinations by a trial court will not be disturbed on appeal unless they are clearly erroneous. *Moss v. State*, 175 Ga. App. 754 (2)

(334 SE2d 355) (1985). Having reviewed the evidence pursuant to this standard, we hold that the trial court did not err in admitting the confession.

4. At trial, a victim of one of the robberies was shown a photographic array from which he had previously identified defendant as the perpetrator of the robbery. The witness testified regarding his prior identification of defendant and thereafter identified him in court. Although defendant does not contend that the pre-trial photographic identification procedure was suggestive or otherwise improper, he contends that he was prejudiced by the manner in which the State again displayed the photographic lineup to the witness before obtaining the in-court identification. We find this enumeration of error to be without merit. See generally *Smith v. State*, 160 Ga. App. 60, 61 (286 SE2d 45) (1981).

5. The evidence introduced at trial, considered in its totality, was sufficient to enable any rational trier of fact to find the defendant guilty of each of the offenses of which he was convicted beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment vacated and case remanded with direction in Case No. A89A1128. Judgment affirmed in Case No. A89A1515. Carley, C. J., McMurray, P. J., Benham and Beasley, JJ., concur. Deen, P. J., concurs specially. Banke, P. J., Birdsong and Sognier, JJ., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring specially.

I concur fully with the majority opinion's conclusion that the trial court improperly merged eight of twelve valid, separate convictions of armed robbery into four counts, based upon an "incident location" theory. Under OCGA § 16-8-41 (b), a person convicted of armed robbery "shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years; provided, however, that, for a second or subsequent such offense, the defendant shall be punished by imprisonment for not less than ten years." Some sentence, within the specified limits, is mandatory. In the whole court case of *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978), this court held that because a superior court has no jurisdiction to probate a sentence imposed on a conviction of armed robbery, such a sentence was absolutely void and thus subject to appeal by the State. It would appear that the State's right to appeal should be even more certain where, as in the instant case, the trial court does not enter any sentence at all on several valid convictions of armed robbery.

I note also that OCGA § 5-7-1 (2) affords an appeal by the State from an "order, decision, or judgment arresting judgment of convic-

tion upon legal grounds." The trial court's improper merger of so many convictions of armed robbery certainly had the legal effect of "arresting judgment of conviction upon legal grounds." The State's right to appeal could be sustained on that basis. " 'If a verdict, when construed with the indictment, does not find the defendant guilty of any offense, the judgment should be arrested; but where . . . the allegations of the indictment charge . . . a violation of the law, which can be plainly understood by the jury, and a verdict finding the defendant guilty cannot be ignored without violating the rules of common sense, sentence should be pronounced upon the finding.' " *King v. State*, 103 Ga. App. 272, 274 (119 SE2d 77) (1961).

BANKE, Presiding Judge, concurring in part and dissenting in part.

The state is authorized to appeal a criminal sentence only where it is absolutely void due to some legal prohibition. See *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978). The test is not whether the sentence was technically correct but whether it " 'could legally have been imposed.' " *State v. Wilkerson*, 161 Ga. App. 185, 186 (288 SE2d 137) (1982). The sentence imposed on the appellant's armed robbery convictions clearly was not less than that permitted by law. Consequently, the state's appeal should be dismissed for lack of jurisdiction. I concur, however, in the affirmance of the appellant's convictions.

I am authorized to state that Judge Birdsong and Judge Sognier join in this opinion.

DECIDED DECEMBER 5, 1989.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellant.
*Lillian Neal,* for appellee.