A89A1880, A89A2099. THE STATE v. DIXON; and vice versa.
(390 SE2d 600)

PER CURIAM.

Defendant Dixon, a co-defendant in the same criminal trial which gave rise to *State v. Smith,* 193 Ga. App. 831 (389 SE2d 547) (1989), was convicted of 10 counts of armed robbery, three counts of kidnapping, and one count each of aggravated assault, operating an automobile with defective equipment, and improper lane usage. Both the state and Dixon filed appeals following the denial of the latter's motion for new trial. *Held:*

1. In the present appeal as in *State v. Smith,* supra, the state contends that the trial court erred in merging several of the armed robbery convictions for sentencing purposes on the theory that they had stemmed from the same incident, since each count had involved a different victim. In the *Smith* case, we allowed the state's appeal and held that the trial court was in error in failing to impose a separate sentence on each of the counts in question. Based on that decision, we hold that the trial court also erred in merging the armed robbery counts at issue in the present case. The resulting sentence is accordingly vacated with direction that the court enter a separate sentence upon each of the defendant's armed robbery convictions.

2. The state has moved to dismiss the defendant's appeal on the ground that it was filed a day late. The record discloses that the defendant filed a timely notice of appeal as well as a timely motion for new trial after being sentenced. After the case was docketed in this court, we remanded it to the trial court for a ruling on the motion for new trial, with the stipulation that this disposition constituted "a final and complete resolution of the present appeal in this court but [would] not operate to preclude any future appeal which may be appropriate." The trial court subsequently denied the motion for new trial by order entered on June 20, 1989. The present appeal was not filed until July 21, 1989. Inasmuch as OCGA § 5-6-38 (a) requires that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of," it follows that the appeal must be dismissed as untimely. See OCGA § 5-6-48 (b); *Mc-*

*Kinney v. State*, 187 Ga. App. 702 (371 SE2d 196) (1988).

*Judgment vacated and case remanded with direction in Case No. A89A1880. Appeal dismissed in Case No. A89A2099. Banke, P. J., Sognier and Pope, JJ., concur.*

DECIDED JANUARY 2, 1990.

Robert E. Keller, District Attorney, Tracy G. Gladden, Keith C. Martin, Assistant District Attorneys, for appellant.
William E. Frey, for appellee.