A92A0575. CHEATHAM v. THE STATE.
(419 SE2d 920)

SOGNIER, Chief Judge.

Richard Blake Cheatham was tried before a superior court judge and convicted on drunk driving, weapons, and habitual violator charges. He appeals, enumerating as error the denial of his motions to suppress.

1. Appellant first contends all evidence seized from his vehicle after his arrest should have been suppressed as the fruits of an illegal arrest because the police officers who stopped him did not have a reasonable suspicion for doing so. Testimony adduced at the hearing on this motion to suppress established that on the morning of October 22, 1990, Frederick Anderson, an employee at a warehouse on Southlake Parkway in Clayton County, dialed 911 and reported hearing gunshots in a wooded area near the warehouse between 4:30 and 5:30 a.m. Officers Crenshaw and Branham each responded to a radio call concerning the gunshots and arrived at the warehouse at approximately 6:15 a.m. After talking with a warehouse employee concerning the location of the shots, the officers observed appellant driving on a dirt road heading from the wooded area toward Southlake Parkway.

His truck was the only vehicle the officers saw in the vicinity of the wooded area. After observing the location from which appellant came and noticing the mud covering his truck, the officers followed him and stopped him a few blocks away. As appellant got out of his truck and walked toward the officers, they observed that he walked unsteadily and had an odor of alcohol about his person. Appellant informed the officers he had no driver's license because he had been declared a habitual violator. Officer Crenshaw looked inside appellant's truck and saw several rifles and an open beer can. The officers took appellant into custody and transported him to headquarters for an intoximeter test.

"Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops, [*Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)], and are invalid if based upon only [an] unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Punctuation and citations omitted.) *Tarwid v. State,* 184 Ga. App. 853, 854 (363 SE2d 63) (1987). This specific, articulable suspicion must be based on the totality of the circumstances — e.g., objective observations, information from police reports, the modes or patterns of certain kinds of lawbreakers, and the inferences drawn and deductions made by a trained law enforcement officer. *United States v. Cortez,* 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981).

Analyzing the instant case according to these principles, we do not agree with appellant that the officers' action in stopping him was either arbitrary or pretextual. Given the report of recent unlawful discharge of a firearm (see OCGA §§ 16-11-103, 16-11-104); the appearance of only one vehicle, appellant's truck, coming from the direction where the shots were fired; and the presence of fresh mud on his truck, which suggested he had been in the wooded area where the shots were fired, the totality of the circumstances would have authorized a law enforcement officer to conclude that appellant likely had been engaged in criminal activity. Accord *Cortez,* supra at 418-422; *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294) (1974); *Allen v. State,* 140 Ga. App. 828 (1) (232 SE2d 250) (1976). Accordingly, the brief investigatory stop of appellant was permissible even though the officers did not personally observe appellant commit a traffic violation or any other criminal act before they made the stop. See *Watson v. State,* 190 Ga. App. 696 (379 SE2d 817) (1989); see also *Allen,* supra at 831.

Once appellant had been stopped, the officers observed that he appeared to be intoxicated, and he admitted being a habitual violator.

The officers thus were justified in arresting appellant for DUI and operating a vehicle after being declared a habitual violator. OCGA § 17-4-20 (a). Officer Crenshaw saw several firearms in plain view and discovered additional evidence after appellant consented to a search of the truck. Accordingly, the evidence obtained was admissible at trial, and the denial of this motion to suppress was proper. *Watson, supra* at 697.

2. Appellant also enumerates as error the denial of his motion to suppress the results of his intoximeter test made on the ground that his right to obtain an independent blood test was improperly abridged. However, since the results of the intoximeter test were not introduced into evidence at appellant's trial and were not part of the evidence stipulated by appellant and the State (appellant having been convicted of violating OCGA § 40-6-391 (a) (1)), appellant has failed to demonstrate any harm to him as a result of the denial of this motion, and thus has presented no basis for reversal. See generally *Terry v. State,* 190 Ga. App. 570, 571-572 (2) (379 SE2d 604) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1992 —
RECONSIDERATION DENIED JUNE 8, 1992.

*George T. Brown,* for appellant.
*Robert E. Keller, District Attorney, Deborah Benefield, Assistant District Attorney,* for appellee.