S99A0302. WALLIN v. THE STATE.
(514 SE2d 828)

CARLEY, Justice.

The grand jury indicted Marlon Wallin for malice murder, felony murder while in the commission of an aggravated assault, several lesser offenses included in the homicide, and possession of a firearm by a convicted felon. The jury found him not guilty of malice murder, but guilty of all of the other offenses. After merging the lesser included offenses, the trial court entered judgments of conviction only on the verdicts finding Wallin guilty of felony murder and possession of a firearm. The trial court sentenced Wallin to life imprisonment for the murder and to a concurrent five-year term for possessing a firearm. The trial court denied Wallin's motion for new trial, and he appeals.[1]

---

[1] The crimes were committed on February 16, 1995, and the grand jury indicted Wallin on August 10, 1995. The jury returned its guilty verdicts on March 5, 1996, and, on March 6, 1996, the trial court entered its judgments of conviction and sentences on those guilty verdicts. On March 21, 1996, Wallin filed his motion for new trial and, on September 11, 1998, the trial court denied that motion. On September 18, 1998, Wallin filed his notice of appeal, and the case was docketed in this Court on November 19, 1998. Wallin's appeal was submitted for decision on January 11, 1999.

Wallin enumerates as error only the denial of a motion for a directed verdict of acquittal. The victim, Ms. Merle Henderson, was Wallin's ex-wife, with whom he was cohabiting. She died as the result of a gunshot wound to the head. According to Wallin's testimony, he removed all but one of the bullets from the revolver, spun the cylinder and put the weapon to his head. He denied intentionally shooting the victim, claiming that the gun fired when she grabbed his arm as he was pointing the gun at himself. However, the State presented evidence that, only minutes after the actual homicide, Wallin made no such assertion. At that time, he stated to his neighbors that "he put the gun to his head first and then hers. . . . Turned [the gun] to her." This was consistent with the forensic evidence showing that the weapon was only an inch from the victim's head when the shot was fired. Moreover, Wallin's neighbors also testified that he admitted responsibility for the shooting, stating to them "I think I've killed her. I think I've blown her brains out. . . ." The only claim that he made on the night of the shooting was that he had mistakenly assumed that the one remaining bullet in the cylinder would not fire when he pulled the trigger. This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Wallin's guilt of the felony murder of the victim while in the commission of an aggravated assault upon her. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 265 Ga. 691, 692 (1) (461 SE2d 220) (1995).

Wallin does not contest the sufficiency of the evidence as to his conviction and sentence for possession of a firearm by a convicted felon. Because he was not convicted and sentenced for any of the lesser offenses included in the homicide, his enumeration of the general grounds as to those merged offenses presents nothing for review. *Carter v. State*, 269 Ga. 420, 422 (2) (499 SE2d 63) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Farrar & Corbin, Christopher L. Corbin,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.