## S02A1482. EVANS v. THE STATE.
### (570 SE2d 331)

CARLEY, Justice.

Antonio Evans was convicted of the felony murder of Richard Spells and possession of a firearm by a convicted felon. The trial court sentenced him to life in prison for murder and to a five-year consecutive term for the weapons offense. After the trial court denied a motion for new trial, Appellant brings this appeal.[1]

1. The victim was shot in an apparent dispute over a sale of marijuana. Eyewitnesses identified Evans as the shooter. Other witnesses testified that, on the night the crimes were committed, Appellant possessed a gun similar to that used to kill Spells. According to Quintin Berry, he lent the gun to Evans. Berry also testified that, when Appellant returned the weapon, he admitted using it to shoot someone. Evans presented an alibi defense and attempted to show that Berry was the shooter. However, when the evidence is construed most strongly in support of the verdicts, it is sufficient to authorize a rational trier of fact to find proof of Appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After the gun was returned to Berry, he gave it to Anthony Davis. Davis was called as a defense witness, and testified that Berry told him that the gun was "hot." However, the trial court refused to allow Davis to testify that he understood that to mean that Berry had used the firearm for some criminal purpose. Appellant enumerates this evidentiary ruling as error, urging that the excluded testimony was relevant to corroborate the defense claim that Berry was the perpetrator.

In his proffer, Davis acknowledged that Berry never expressly admitted using the firearm himself, and that he simply "figured [Berry] done something with the gun." He also conceded that "hot" might mean only that the weapon was stolen and not that it had been put to some illegal use. "[A]s a general rule ' "(a)nswers constituting mere conclusions, surmise or conjecture (should be) excluded from evidence. (Cit.)" (Cit.)' [Cit.]" *Adams v. State*, 231 Ga. App. 279, 285

---

[1] The crimes were committed on September 8, 1996. On August 15, 1997, the grand jury indicted Evans for the following offenses: felony murder of Spells during the commission of an aggravated assault; an alternative count of felony murder while he, as a convicted felon, possessed a weapon; both underlying felonies; and, an alternative count of malice murder. On February 5, 1999, the jury found Appellant guilty on all counts. On February 17, 1999, the trial court entered judgments of conviction only on the verdicts finding Evans guilty of felony murder during the commission of an aggravated assault and the possession of a weapon charge, and imposed the sentences for those two offenses. On February 24, 1999, he filed a motion for new trial, which the trial court denied on January 23, 2002. On February 22, 2002, Appellant filed a notice of appeal. The case was docketed in this Court on June 14, 2002. The appeal was submitted for decision on August 12, 2002.

(5) (499 SE2d 105) (1998). The trial court correctly prevented Davis from speculating about what Berry meant when he characterized the firearm as "hot." See *Price v. State*, 125 Ga. App. 712, 713 (2) (188 SE2d 889) (1972). Compare *Park v. State*, 224 Ga. 467, 473 (1) (b) (162 SE2d 359) (1968).

3. The prosecution called Ms. Ruth White who testified that, on the night of the murder, Appellant came to her house carrying a gun. She was subject to cross-examination and, in addition, subsequent defense witnesses were offered to impeach her credibility. Then, after the jury began deliberating, Evans' attorney informed the trial court that he had received reports indicating that Ms. White may have been confused and believed that she was testifying in connection with a separate armed robbery charge against Appellant. The trial court was requested to allow Ms. White to be recalled for questioning about whether she was aware that the relevant charges against Evans were murder and possession of a gun by a convicted felon. Appellant urges that the trial court abused its discretion when it refused to permit the defense to reopen the evidence for this additional cross-examination of Ruth White.

The armed robbery was a related offense which, according to the State, occurred about the time of the murder and only a short distance away. However, that charge had been severed for separate trial on Evans' motion. Under these circumstances, any confusion on the part of Ms. White as to the limited scope of the proceeding could have no material bearing on her credibility. Because the armed robbery was committed the same night as the offenses for which Appellant was being tried, her testimony regarding his possession of a gun would not be affected by the severance of the charges for separate trials. The trial court did not abuse its discretion in denying the request to reopen the evidence. See *Carruth v. State*, 267 Ga. 221 (476 SE2d 739) (1996).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*R. Gary Spencer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.