**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 14, 2014**

# In the Court of Appeals of Georgia

A14A0763. PAYNE v. THE STATE.

PHIPPS, Chief Judge.

After a jury trial, Michael Payne was convicted of robbery by force[1] (Count 1), robbery (by intimidation)[2] (Count 2), and two counts of simple battery (Counts 3 and 4). He appeals, contending that: (1) the evidence was insufficient to support the conviction for robbery by intimidation; (2) even if the evidence was sufficient to support the robbery by intimidation conviction, the conviction is invalid because that offense should have merged with the robbery by force offense for sentencing purposes; and (3) his trial counsel provided ineffective assistance. We affirm the judgment in part, vacate the judgment in part, and remand the case for re-sentencing.

---

[1] OCGA § 16-8-40 (a) (1).

[2] OCGA § 16-8-40 (a) (2).

The evidence showed that Payne proposed to James Knight and other individuals an idea to rob Payne's former employer, G. S., as she left work at a restaurant on July 22, 2007. Payne drove himself, Knight, and another individual to the restaurant. As Payne had predicted, G. S. exited the restaurant with another person around 5:00 p.m., carrying a bag of money underneath her arm. Knight approached G. S. and the other person (a woman), as G. S. was at her vehicle and the other woman was walking toward her vehicle. Knight sprayed both women with pepper spray, grabbed the money bag from G. S., and fled to Payne's vehicle. Payne drove away from the scene. The money bag contained cash, which was later divided among the three perpetrators, including Payne.

Payne was indicted for, inter alia, robbery by force (Count 1) in that he did "on July 22, 2007, . . . with intent to commit theft, take property of another, to wit: a bag containing United States currency, the property of [G. S.], from the immediate presence of [G. S.] by force"; and robbery (Count 2) in that he did "on July 22, 2007 . . . with intent to commit theft, . . . take property of another, to wit: a bag containing United States currency, from the person and immediate present of [G. S.] by use of intimidation, use of threat, and by placing such person in fear of immediate serious bodily injury to herself." On March 22, 2011, the trial court sentenced Payne to

2

imprisonment for 20 years, to serve 10 years in confinement and the balance on probation, on Count 1, and to imprisonment for 20 years, to serve 10 years in confinement and the balance on probation, on Count 2.

1. We first address Payne's challenge to the sufficiency of the evidence to support the robbery by intimidation conviction, and Payne's contention that "[e]ven if the State established the essential elements of robbery by intimidation beyond a reasonable doubt, [his] sentence as to count 2 [robbery by intimidation] is invalid and therefore must be vacated because it should have merged with count 1 [robbery by force] for sentencing as a matter of fact because there was only one act of robbery against one victim."

The state concedes, and we agree, that the trial court should have merged the robbery offenses for sentencing purposes, and that the case should be remanded for re-sentencing.[3] Payne does not challenge the sufficiency of the evidence to sustain the

---

[3] See e. g. *Poole v. State*, 291 Ga. 848, 859 (9) (734 SE2d 1) (2012) ("felony murder conviction was vacated by operation of law because, where there is only one murder victim, convicting and sentencing a defendant for both malice murder and felony murder of that victim improperly subjects the defendant to multiple convictions and punishments for one crime") (citation omitted); *Andrews v. State*, 328 Ga. App. 344, 348 (2) (a) (_SE2d _) (2014) (case remanded for re-sentencing where appellant's burglary convictions should have merged because only one burglary occurred and the trial court failed to merge two separate burglary counts regarding the same incident for sentencing purposes). See generally *Hewitt v. State*, 277 Ga.

robbery by force conviction, and the evidence adduced was, in fact, sufficient to prove beyond a reasonable doubt that he committed robbery by force.[4] Accordingly, we vacate the sentences entered on both robbery counts and remand the case to the trial court to merge the robbery by intimidation count into the robbery by force count and to resentence Payne for robbery by force.[5] Because, on remand, there will be no

---

327, 329 (1) (b) (588 SE2d 722) (2003) ("A taking accomplished by force or intimidation is the 'distinguishing characteristic' of robbery - the 'gist' of the offense. The force necessary for robbery is actual violence or intimidation exerted upon the person robbed, by operating upon his fears - the fear of injury to his person, or property, or character. Intimidation is that terror … likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person. Intimidation is [also] that act by the perpetrator which puts the person robbed in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking.") (citation and punctuation omitted); *Richards v. State*, 276 Ga. App. 384, 385-386 (623 SE2d 222) (2005) ("Robbery by intimidation, unlike . . . robbery by force, . . . may be accomplished without a weapon or an overt act of physical force."); *Setzer v. State*, 76 Ga. App. 509, 511 (1) (46 SE2d 603) (1948) ("robbery by force and violence on the one hand, and by intimidation on the other hand, are not separate offenses, but are different grades of the same offense"); compare *State v. Dixon*, 194 Ga. App. 146 (1) (390 SE2d 600) (1990) (trial court erred in merging several armed robbery convictions for sentencing purposes on the theory that they had stemmed from the same incident, where each count had involved a different victim).

[4] See *Brown v. State*, 233 Ga. App. 195-196 (1) (504 SE2d 35) (1998).

[5] See generally *Andrews*, supra; *Mack v. State*, 283 Ga. App. 172, 176 (3) (641 SE2d 194) (2007).

4

sentence entered for robbery by intimidation and thus, no conviction for that offense,[6] we need not address Payne's challenge to the sufficiency of the evidence as to that count.[7]

2. Payne contends that his trial attorney provided ineffective assistance when he failed to: (a) impeach two witnesses; and (b) object when a witness testified that she had suspected that Payne was involved in the robbery. These contentions present no basis for reversal.

> Pursuant to *Strickland v. Washington*,[8] in order to prevail on [a claim of ineffective assistance of trial counsel], the defendant must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. To meet the first prong of the required test, the defendant must overcome the strong presumption

---

[6] See *Stinson v. State*, 318 Ga. App. 351, n. 1 (733 SE2d 390) (2012), citing *Slack v. State*, 288 Ga. 659, 661 (2) (706 SE2d 447) (2011) (ruling that a conviction does not occur until a final judgment of conviction is entered upon a guilty verdict), and *Wallin v. State*, 270 Ga. 889, 890 (514 SE2d 828) (1999) (a defendant is not convicted of a merged offense).

[7] See generally *Smith v. State*, 258 Ga. 676, 679 (11) (373 SE2d 200) (1988); *Travis v. State*, 314 Ga. App. 280, 281, 288-289 (1), (7), n. 1 (724 SE2d 15) (2012); *Merritt v. State*, 288 Ga. App. 89, 90-91 (1) (653 SE2d 368) (2007); *Moore v. State*, 250 Ga. App. 75, 76, 78-79 (1), (3) (550 SE2d 667) (2001); *Wilkins v. State*, 246 Ga. App. 667, 670 (6) (541 SE2d 458) (2000); *Dixon v. State*, 227 Ga. App. 533, 535 (3) (489 SE2d 532) (1997).

[8] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984) (footnote omitted).

that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. To meet the second prong of the test, the defendant must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different.[9]

(a) Jeff Whitley, a man whom Knight considered his uncle, testified that after he became aware that Payne had been arrested for this incident, he contacted police and arranged for police to meet with him and Knight so that Knight could confess and get a better deal than Payne for his involvement in the robbery. Whitley testified: "[Knight] is kind of slow, and I felt that they had used [him] to [commit the robbery] . . . and if anything happened, [Knight] would be the one [to take] the fall." At trial, when the investigator who later met with Knight and Whitley was asked, "Now when you spoke with Mr. Whitley, was he inquiring from you about a reward?" she replied, "No. In fact, I was the one who mentioned a reward to him." Payne contends that the foregoing testimony made it appear as though Whitley's motive in contacting the

_____

[9] *Price v. State*, 325 Ga. App. 564, 567 (2) (754 SE2d 144) (2014) (punctuation and footnote omitted).

6

police was to "look out for" Knight, as Whitley had so testified, but that other information, that trial counsel had been provided in discovery but failed to put before the jury, showed that Whitley's motive for contacting police was to obtain reward money.

Payne asserts that a police report written by the investigator reflected that when Whitley had initially called police, he had inquired about whether there was a reward for information about the robbery, and that when the investigator returned Whitley's call, Whitley was "hesitant to meet and give a statement *until* [the investigator] told him the restaurant owner was interested in giving a reward." Payne contends that trial counsel should have impeached Whitley and the investigator with the investigator's report.

At the hearing on Payne's motion for new trial, trial counsel testified that he did not "read any more [in]to it than the fact that [Whitley] wanted to know if there was a reward and [the investigator] was willing to tell him whether there was or was not." Indeed, the evidence at trial reflected, as trial counsel put it, that "there was a communication by both [the investigator] and Whitley regarding a reward." Whitley testified that when he had initially contacted police, he did not know that a reward was being offered for information about the robbery, but that he later found out that

7

a reward was available. And the investigator testified that she had told Whitley that a reward was available. Moreover, on cross-examination of Whitley, trial counsel brought out the fact that G. S. had given Whitley a $500 reward after Whitley had talked to police and after the investigator had interviewed Knight, and that it was at Whitley's urging that Knight had met with the investigator.

"The fact that appellate counsel would have pursued the defense in [a] different way[ ] or would have chosen to . . . cross-examine [witnesses] in a different way does not render trial counsel ineffective."[10] Even assuming the police report showed that Whitley was motivated to tell police what he knew about the robbery, in part, because of the hope of a reward,[11] evidence that Whitley had asked whether a reward was available is no more indicative of the alleged motivation to talk to police than was the evidence presented at trial that Whitley knew that a reward was available and, in fact, received the reward.[12]

---

[10] *Smith v. State*, 283 Ga. 237, 239 (2) (b) (657 SE2d 523) (2008).

[11] As the investigator did not testify at the hearing on the motion for new trial, Payne's contention is based on his own interpretation of the investigator's report.

[12] See, e. g. *Hollie v. State*, 298 Ga. App. 1, 3-4 (1) (679 SE2d 47) (2009); *Orkin v. State*, 140 Ga. App. 651-652 (1) (a) (231 SE2d 481) (1976).

While other counsel, had they represented appellant, may have exercised different judgment, the fact that trial counsel chose to try the case in the manner in which it was tried, and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.[13]

The evidence supports the trial court's conclusion that this claim is without merit. "[T]he jury had an issue of credibility and was in position to decide whether [Whitley's] testimony was true or perjured."[14] "[The jury] resolved the issue against the appellant."[15]

(b) At trial, G. S. testified that she had forced her eyes open during the attack, and that her attacker was not anyone who had ever worked at her restaurant. She also testified, however, that she had suspected that Payne was involved in the attack. Payne complains of his trial attorney's failure to object to G. S.'s testimony that she

---

[13] *Smith*, supra at 239-240 (2) (b) (citations and punctuation omitted).

[14] *Maxey v. State*, 159 Ga. App. 503, 507 (3) (284 SE2d 23) (1981) (citation and punctuation omitted).

[15] *Morris v. State*, 228 Ga. 39, 48 (10) (184 SE2d 82) (1971).

suspected that he was involved in the robbery. Relying upon *Evans v. State*,[16] Payne asserts that G. S.'s testimony "amounted to nothing more than opinion testimony based on speculation. Thus, it was error to admit this testimony, and counsel provided ineffective assistance when he failed to object."

At trial, when G. S. was asked on direct examination "why is it that you suspected that Mr. Payne was involved," G. S. replied that it was because "he didn't show up for work that day and he was constantly asking me about a [large diamond] necklace" that she wore. On cross-examination, however, trial counsel elicited testimony from G. S. that the necklace was not taken from her during the robbery. Thus, the record showed that although counsel did not object to the allegedly impermissible testimony, he instead attempted to show during cross-examination that G. S.'s testimony was based on pure speculation. "This apparent trial strategy, that is, avoiding an objection that would draw the jury's attention to the statement, and

---

[16] 275 Ga. 541 (2) (570 SE2d 331) (2002) ("As a general rule answers constituting mere conclusions, surmise or conjecture should be excluded from evidence.") (citation and punctuation omitted).

10

instead challenging the testimony through cross-examination cannot be found to be outside the wide range of reasonable professional assistance."[17]

*Judgment affirmed in part and vacated in part, and case remanded. Ellington, P. J., and McMillian, J., concur.*

---

[17] *Sweet v. State*, 278 Ga. 320, 324 (5) (602 SE2d 603) (2004) (citation omitted); see *Braithwaite v. State*, 275 Ga. 884, 887 (4) (572 SE2d 612) (2002) *Alexis v. State*, 313 Ga. App. 283, 288 (3) (a) (721 SE2d 205) (2011); *Al-Attawy v. State*, 289 Ga. App. 570, 573 (1) (657 SE2d 552) (2008).